IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSE LOPEZ-FLORES, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:18CV83–HEH
)
HAROLD W. CLARKE, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting in Part and Denying in Part Motion for Summary Judgment)

Jose Lopez-Flores, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. Lopez-Flores names as defendants, Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC") and Israel Hamilton, the Warden of Haynesville Correctional Center. Lopez-Flores's claims flow from his confinement and adjudication as a sexually violent predator pursuant to section 37.2–900 of the Virginia Code, the Sexually Violent Predator Act ("SVPA"). Specifically, Lopez-Flores contends that:

Claim 1     Defendants violated Lopez-Flores's rights under the **(a)** Double Jeopardy Clause and **(b)** the Due Process Clause by "holding the plaintiff (now a civil detainee) beyond his mandatory prison release date in the same facility ... under the same punitive conditions as when the plaintiff was serving his criminal sentence." (Compl. ¶ 14.)[1] Lopez-Flores further complains that Defendants refuse to "transfer the plaintiff to a civil facility ... and provide the plaintiff with proper sexual offender therapy ...." (*Id.*)

---

[1] The Court omits the emphasis in the quotations from Lopez-Flores's submissions.

Claim 2    Defendants violated Lopez-Flores's rights under the Due Process Clause by failing to afford him the rights enumerated under Section 37.2–400(A) of the Virginia Code for individuals detained under the SVPA. (*Id.* at 11–13.)

Claim 3    Section 37.2–906(A) is **(a)** "void for vagueness"; **(b)** violates the Ex Post Facto Clause; and, **(c)** violates the Double Jeopardy Clause. (*Id.* at 13.)

Lopez-Flores demands monetary damages against Defendants for Claims 1 and 2. (*Id.* at 21.) Additionally, with respect to Claims 1 and 2, Lopez-Flores requests injunctive relief by:

> (a) transfer[ring] the plaintiff to a civil facility which provides the plaintiff with the care and treatment, consistent with the objectives of any legitimate SVP commitment act; (b) restore the plaintiff his rights and privileges . . . as particularly stated in Va. Code 37.2–400; (c) segregate the plaintiff from the sight and sound of the other prisoners at all times, and (d) cease criminally punishing the plaintiff as a criminal convict[.]

(*Id.*) With respect to Claim 3, Lopez-Flores requests that the Court "(a) declares the statutory scheme of Va. Code §§ 37.2–900 et seq. to be unconstitutional and invalid, and; (b) order that the Virginia General Assembly re-promulgate the VSVPA to be consistent in all manners with the Supreme Law of the Land." (*Id.*)

For the reasons set forth below, the Motion for Summary Judgment (ECF No. 16) will be granted in part and denied in part.

## I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex*

2

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of their Motion for Summary Judgment, Defendants submit the affidavit of James E. Parks, the Director of Offender Management Services for the VDOC ("Parks Aff." ECF No. 17–1) and submissions from Lopez-Flores's Sexually Violent Predator commitment proceeding (ECF No. 17–2). Lopez-Flores has not responded. In light of the foregoing submissions, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Lopez-Flores.

## II. Undisputed Facts

Lopez-Flores was convicted in the Circuit Court for the County of Fairfax ("Circuit Court") of multiple counts of aggravated sexual battery of a child less than thirteen years old. (ECF No. 17–1, at 6.) Lopez-Flores was sentenced to an active sentence of nine years of imprisonment and received by the VDOC on June 2, 2010. (Parks Aff. ¶ 3.) "From approximately January 31, 2012 until his release from VDOC custody on July 12, 2018, Lopez-Flores was confined at [the] Haynesville Correctional Center . . . ." (*Id.* ¶ 4.)

On February 3, 2017, the Attorney General of Virginia petitioned the Circuit Court to civilly commit Lopez-Flores as a sexually violent predator pursuant to the SVPA. (ECF No. 1–1, at 2.) On February 7, 2017, the Circuit Court "entered an order pursuant to Va. Code § 37.2–906(A) ordering that Lopez-Flores was to remain in the custody of VDOC until a final order was entered on his civil commitment proceedings." (Parks. Aff. ¶ 5.)

"Lopez-Flores satisfied his criminal sentence of incarceration on May 17, 2017." (*Id.* ¶ 6.)

On January 29, 2018, Lopez-Flores filed his present Complaint with the Court. (Compl. 1.)

On May 31, 2018, the Circuit Court conducted a trial on the petition to civilly commit Lopez-Flores as a sexually violent predator. (ECF No. 17–1, at 8.) Thereafter, the Circuit Court found, by clear and convincing evidence, that Lopez-Flores

4

has a mental abnormality and a personality disorder within the meaning of Virginia Code § 37.2–900; and because of his mental abnormality and/or personality disorder, [Lopez-Flores] finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts; therefore, [Lopez-Flores] is a sexually violent predator.

(*Id.* (internal paragraph numbers omitted).) Accordingly, on June 28, 2018, the Circuit Court ordered Lopez-Flores committed to the Department of Behavioral Health and Developmental Services ("DBHDS"). (*Id.* at 9.) The Circuit Court further ordered the VDOC to transport Lopez-Flores "to a secure facility designated by the Commissioner of the DBHDS" for treatment. (*Id.*) "On July 12, 2018, Lopez-Flores was released from VDOC custody and immediately transported to the Virginia Center for Behavioral Rehabilitation ("VCBR"), a DBHDS facility, and is no longer in the custody of the VDOC." (Parks Aff. ¶ 9.)

### III. Analysis

#### A. Claims 1 and 2

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [demonstrate] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). Lopez-Flores fails to direct the Court to any admissible evidence which demonstrates Defendants Clarke and Hamilton personally participated in any violation of his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

5

appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))). Thus, Lopez-Flores's demands for monetary damages against Defendants Clark and Hamilton in Claims 1 and 2 will be dismissed.

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Here, Lopez-Flores's demands for injunctive relief in Claims 1 and 2 pertained to his detention in the VDOC, his desire to be transferred to a DBHDS facility and afforded the protections and treatment provided detainees under the SVPA. That has occurred. Lopez-Flores is no longer in the custody of the VDOC. Accordingly, Lopez-Flores demands for injunctive relief in Claims 1 and 2 will be dismissed as moot.

**B. Claim 3**

In Claim 3, Lopez-Flores contends that

> ... Va. Code 37.2-906(A) is [(a)] void for vagueness in violation of the [(b)] double jeopardy and due process clauses of the Fifth and Fourteenth Amendments and [(c)] [ex] post facto clause under Article 1 § 10 of the United States Constitution, because it fails to curtail the Commonwealth from inflicting a second criminal punishment on pretrial detainees who have completed their criminal sentences.

(Compl. 13.) The pertinent portion of the Virginia Code provides:

> Upon the filing of a petition alleging that the respondent is a sexually violent predator, the circuit court shall (i) forthwith order that until a final

order is entered in the proceeding, in the case of a prisoner, he remain in the secure custody of the Department of Corrections or, in the case of a defendant, he remain in the secure custody of the Department and (ii) schedule a hearing within 90 days to determine whether probable cause exists to believe that the respondent is a sexually violent predator. The respondent may waive his right to a hearing under this section. A continuance extending the case beyond the 90 days may be granted to either the Attorney General or the respondent upon good cause shown or by agreement of the parties. The clerk shall mail a copy of the petition to the attorney appointed or retained for the respondent and to the person in charge of the facility in which the respondent is then confined. The person in charge of the facility shall cause the petition to be delivered to the respondent and shall certify the delivery to the clerk. In addition, a written explanation of the sexually violent predator involuntary commitment process and the statutory protections associated with the process shall be given to the respondent at the time the petition is delivered.

Va. Code Ann. § 37.2-906 (West 2019).

### A. Claim 3(a) – Void for Vagueness

"It is a basic principle of due process that an enactment is void for vagueness if its *prohibitions* are not clearly defined." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289–90 (1982) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "Consistent with that approach, the [Supreme] Court has steadfastly applied the void-for-vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." *Nyeholt v. Sec'y Veterans Affairs*, 298 F.3d 1350, 1356 (Fed. Cir. 2002) (citations omitted). Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." *Id.* at 1357; *see Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 642 (11th Cir. 1992).

7

Although Lopez-Flores recites some general principles regarding the void for vagueness doctrine, (see Compl. 14–15), he fails to articulate why section 37.2–906(A) of Virginia Code is void for vagueness.[2] Accordingly, Claim 3(a) will be dismissed without prejudice. Lopez-Flores remaining challenges, however, have more merit.

### B. Claims 3(b) and 3(c) – Double Jeopardy and Ex Post Facto Challenge

"The Double Jeopardy Clause of the Fifth Amendment protects criminal defendants from repeated prosecutions for the same offense, *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982), and from multiple punishments for the same offense." *United States v. Keesee*, 498 F. App'x 297, 300 (4th Cir. 2012) (parallel citations omitted) (citing *United States v. Martin*, 523 F.3d 281, 290 (4th Cir. 2008)). The Ex Post Facto clause provides that "[n]o . . . ex post facto Law shall be passed." U.S. Const, art. I, § 9, cl. 3. "The Ex Post Facto Clause bars enactments, which by retroactive application, increase the punishment for a crime that has already been committed." *Warren v. Baskerville*, 233 F.3d 204, 206 (4th Cir. 2000) (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). Under section 37.2–906(A) of Virginia Code, Lopez-Flores remained confined within the VDOC past the expiration of his prison sentence while he awaited a determination of whether he should be civilly committed pursuant to the SVPA. Lopez-Flores contends

---

[2] To the extent that Lopez-Flores contends that term "sexually violent predator" is unconstitutionally vague, this argument lacks merit. *See Shivaee v. Com.*, 613 S.E.2d 570, 577 (Va. 2005) (concluding that "the definition of sexually violent predator . . . in context of other definitions in the SVPA is not unclear").

such action constitutes additional unconstitutional punishment and thus violates the Double Jeopardy and Ex Post Facto Clauses.

Defendants direct the Court to cases that conclude the SVPA as a whole is constitutional. (*See* ECF No. 17, at 9–10.) Defendants further contend that section 37.2-906(A) of the Virginia Code is constitutional and any challenge to the SVPA should have been brought in a challenge to the Circuit Court's decision to declare Lopez-Flores a sexually violent predator, rather than in a § 1983 action. (*Id.* at 11–12.) Defendants, however, fail to direct the Court to any persuasive authority for these contentions.

Moreover, other courts have agreed with Lopez-Flores's position that housing a person awaiting adjudication for civil commitment "in conditions 'identical to, similar to, or more restrictive than' those in which his criminal counterparts were being held . . . , create[s] a rebuttable presumption that there is a punitive purpose behind his treatment." *Vasquez v. Baca*, 125 F. App'x 209, 209 (9th Cir. 2005) (quoting *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)). Of course, the United States Court of Appeals for the Fourth Circuit has rejected the Ninth Circuit's position in *Jones*, at least with respect "to post-adjudication civil detainees." *Matherly v. Andrews*, 859 F.3d 264, 275 (4th Cir. 2017) ("Matherly asks us to follow the Ninth Circuit's lead in *Jones*. This we will not do.") Defendants do not address the above lines of authority in the Motion for Summary Judgment or provide persuasive authority as to why these aspects of Claim 3 should be dismissed. Given that deficiency, the Motion for Summary Judgment with respect to Claims 3(a) and 3(b) will be denied without prejudice.

## IV. Conclusion

The Motion for Summary Judgment (ECF No. 16) will be granted in part and denied in part. Lopez-Flores's demand for monetary damages in Claims 1 and 2 will be dismissed. Lopez-Flores's demands for injunctive relief in Claims 1 and 2 will be dismissed as moot. Claim 3(a) will be dismissed without prejudice.

Defendants' request for summary judgment with respect to Claims 3(b) and 3(c) will be denied without prejudice.

Lopez-Flores has not contacted the Court since July 13, 2018. If Lopez-Flores still wishes to litigate Claim 3(b) and Claim 3(c), within twenty (20) days of the date of entry hereof, Lopez-Flores must write to the Court and express that desire. Failure to contact the Court in a timely manner will result in the dismissal of Claims 3(b) and 3(c). *See* Fed. R. Civ. P. 41(b). If Lopez-Flores timely contacts the Court, Defendants shall file a new Motion for Summary Judgment within sixty (60) days of the date of entry hereof. Any new motion for Summary Judgment must address the authority cited above.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Feb 28, 2019
Richmond, Virginia

10